IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LINDA LEE HENDRICKSON,              :        CIVIL ACTION
                                    :
            Plaintiff,              :        NO.  07-05345
                                    :
      v.                            :
                                    :
MICHAEL J. ASTRUE,                  :              F I L E D
Commissioner of the Social Security :
Administration,                     :
                                    :        MICHAEL E. KUNZ, Clerk
            Defendant.              :        By_____ Dep Clerk

## MEMORANDUM

Giles, J.                                            August 11, 2008

## I.  INTRODUCTION

Plaintiff Linda Lee Hendrickson seeks judicial review under 42 U.S.C. §§ 405(g) and

1383(c)(3) of the final decision of the Commissioner of Social Security ("Commissioner")

denying Plaintiff's claim for Social Security Disability Insurance ("SSDI") Benefits and

Supplemental Security Income ("SSI") Benefits under Titles II and XVI of the Social Security

Act ("Act"), 42 U.S.C. §§ 401, et seq. and 1381, et seq.  Plaintiff filed a Motion for Summary

Judgment seeking reversal of the Commissioner's decision and a judgment awarding her benefits

or, alternatively, remand for further action consistent with the court's decision.  Defendant filed a

Response in opposition thereto, arguing that substantial evidence supports the Commissioner's

decision that Plaintiff was not disabled.  For the reasons that follow, Plaintiff's Request for

Review is DENIED because the Commissioner's decision that Plaintiff was not disabled is

supported by substantial evidence.

1

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was born on April 3, 1963.  (R. 67, 153.)  She completed the twelfth grade.  (R. 78, 182.)  In the past, she has worked as an assembler, cashier and stock clerk, and fork lift driver.  (R. 74-75, 184-85, 195-96.)  Plaintiff claims that she suffers from bipolar disorder and lumbar spondylosis.  (R. 106-18, 132-52, 168-69.)

On February 1, 2006, Plaintiff filed her application for SSDI and SSI benefits, alleging an onset date of January 31, 2006.  (R. 67-69, 153-57.)  After the claim was denied at the initial level of the administrative appeals process, (R. 56-59, 159-62), Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), (R. 53-54).  On June 11, 2007, Plaintiff, represented by counsel, appeared at the hearing.  (R. 175-201.)

On June 29, 2007, the ALJ found that Plaintiff was not disabled and denied Plaintiff's claim.  (R. 16-26.)  Plaintiff then filed a Request for Review of the ALJ's decision with the Appeals Council, (R. 12-14, 163-66), which was denied on November 6, 2007, (R. 6-9).  After the Appeals Council's denial of her appeal, Plaintiff filed a complaint pursuant to 42 U.S.C. § 405(g) and 1383(c)(3) in this court on December 19, 2007.

## III.  STANDARD OF REVIEW

When a district court reviews a decision of the Commissioner, review is limited to the Commissioner's final decision.  42 U.S.C. § 405(g); Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984).  If the Commissioner's decision is supported by substantial evidence, the decision must be upheld, even if this court would have reached a different conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence has been defined as "such relevant

evidence that a reasonable mind might accept as adequate to support a conclusion." Consol.

Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  In this context, substantial evidence is more

than mere scintilla, but may be somewhat less than a preponderance of the evidence.  Ginsburg v.

Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971).  Review of "an agency's interpretation of legal

precepts, as demonstrated by its application of such precepts to the facts," is plenary.  Monsour

Med. Ctr. v. Heckler, 806 F.2d 1185, 1191 (3d Cir. 1986).


## IV.  DISCUSSION

To establish eligibility for SSDI and SSI, a plaintiff has the burden to show that he is

unable "to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §

1382c(a)(3)(A) (2002).  To determine disability, the Social Security Administration applies a

five-step test.  20 C.F.R. § 416.920; Burns v. Barnhart, 312 F.3d 113, 118-19 (3d Cir. 2002).

At step one, the Commissioner must determine whether a claimant is engaged in

"substantial gainful activity."  20 C.F.R. § 416.920(b); Plummer v. Apfel, 186 F.3d 422, 428 (3d

Cir. 1999).  If so, then he is not disabled.  Id.  At step two, the Commissioner must determine

whether claimant suffers from a "severe" impairment or combination of impairments.  20 C.F.R.

§ 416.920(c).  If not, the claimant is determined not to be disabled.  Id.  At step three, the

Commissioner must determine whether the claimant's severe medical impairment(s) meet or

equal the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20

C.F.R. § 416.920(d).  Id.  If so, the claimant is disabled.  Id.  If the claimant's impairment(s) do

not meet a listed condition, the Commissioner proceeds to step four to determine whether a claimant retains the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 416.920(e)-(f); Plummer, 186 F.3d at 428. "Residual functional capacity is defined as 'what a claimant can do despite his limitations.'" Burns, 312 F.3d at 119 (quoting 20 C.F.R. § 416.945(a)). If the claimant retains such capacity, he is not disabled. Plummer, 186 F.3d at 428. If not, the Commissioner proceeds to step five. Id. At this final step, the burden of production shifts to the Commissioner to demonstrate that there are jobs existing in significant numbers in the national economy that the claimant can perform given his medical impairments, age, education, past work experience, and RFC. 20 C.F.R. § 416.920(e), (g); Plummer, 186 F.3d at 428.

The ALJ found that: (1) Plaintiff met the insured status requirements of the Social Security Act through June 30, 2001; (2) Plaintiff has not engaged in substantial activity since February 1, 2006; (3) Plaintiff has severe impairments of diagnosed bipolar disorder and lower back pain, under 20 C.F.R. §§ 404.1520(c) and 416.920(c); (4) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 404.926); (5) Plaintiff has the RFC to perform a range of light level work with various limitations; and (6) Plaintiff is able to perform her past relevant work of assembler. (R. 21-26.)

Plaintiff appeals the decision of the ALJ and argues that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence. Plaintiff alleges errors at step four of the sequential evaluation, including error in: (1) failing to discuss a global assessment of

functioning ("GAF") rating of 45-48 and allegedly mischaracterizing GAF scores of 50 as

establishing only moderate symptoms; (2) failing to accord controlling weight to the assessment

of Sherri Zhang, M.D., Plaintiff's treating psychiatrist, and failing to recontact Dr. Zhang to

clarify the basis for her medical opinion; and (3) finding that Plaintiff's statements concerning

her impairments were not totally credible.  In the alternative, Plaintiff argues that the case should

be remanded to the Commissioner for receipt of further evidence.

The Commissioner counters that the ALJ's decision is well-supported and should be

upheld.  Upon careful review of the entire record, the court concludes that the ALJ's

determination was supported by substantial evidence and that remand is not warranted.


**A.     The ALJ's RFC Determination Is Supported by Substantial Evidence.**

**1.       The ALJ Did Not Err With Respect To Plaintiff's GAF Ratings.**

Plaintiff first argues that the ALJ's determination that Plaintiff is not disabled is not

supported by substantial evidence because the ALJ failed to discuss a global assessment of

functioning ("GAF") rating of 45-48 and allegedly mischaracterized GAF scores of 50 as

establishing only moderate symptoms.

On December 6, 2005, Plaintiff was evaluated at the Crozer Chester Medical Center and

assigned a GAF rating of 45-48.  (R. 107, 116, 142.)  Subsequently, on November 3, 2006, (R.

141, 146), February 20, 2007, (R. 140), and May 30, 2007, (R. 139), during later evaluations at

the Crozer Chester Medical Center, Plaintiff was assigned a GAF rating of 50.  (See R. 164.)

A GAF score of 41-50 indicates "serious symptoms (e.g., suicidal ideation, severe

obsessive rituals, frequent shoplifting) or any serious impairment in social, occupational, or

5

school functioning (e.g., no friends, unable to keep a job)." <u>Diagnostic & Statistical Manual for Mental Disorders</u> 34 (4th ed. 1994) (hereinafter "DSM-IV"). "A score of 50 is on the borderline between serious and moderate symptoms." <u>Colon v. Barnhart</u>, 424 F. Supp. 2d 805, 809 n.3 (E.D. Pa. 2006). A GAF score of 51-60 indicates "moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning." <u>DSM-IV</u> at 34.

Under the final rules of the Social Security Administration, a GAF score is not considered to have a "direct correlation to the severity requirements." 66 Fed. Reg. 50,746, 50,764-65 (2000). Nevertheless, the GAF scale constitutes medical evidence accepted and relied on by a medical source. <u>See id.</u>; <u>see also</u> <u>Colon</u>, 424 F. Supp. 2d at 812 (finding that a GAF score "must be addressed by an ALJ in making a determination regarding a claimant's disability").

In determining a claimant's RFC, an ALJ is obligated to consider all of the evidence before him. <u>Burnett v. Comm'r of Social Security</u>, 220 F.3d 112, 121 (3d Cir. 2000) (citing <u>Plummer</u>, 186 F.3d at 429). Further, an ALJ must give "some indication of the evidence which he rejects and his reason(s) for discounting such evidence." <u>Burnett</u>, 220 F.3d at 121 (citing <u>Plummer</u>, 186 F.3d at 429; <u>Cotter v. Harris</u>, 642 F.2d 700, 705 (3d Cir. 1981), <u>r'hrg. denied</u>, 650 F.2d 481 (3d Cir. 1981)); <u>see</u> <u>Colon</u>, 424 F. Supp. 2d at 812-13. Without such explanations, this court, upon review, "cannot tell if significant probative evidence was not credited or simply ignored." <u>Cotter</u>, 642 F.2d at 705.

However, although "an ALJ may not reject pertinent or probative evidence without an explanation," the ALJ is entitled to overlook evidence that is "neither pertinent, relevant nor probative." <u>Johnson v. Comm'r of Soc. Sec.</u>, 529 F.3d 198, 204 (3d Cir. 2008). The probative

6

value of evidence may be discounted and rendered "irrelevant" where there is "[o]verwhelming evidence" to the contrary in the record. Id. Thus, in such instances, an ALJ's failure to cite the evidence means that the ALJ "implicitly rejected it." Id. at 205.

The ALJ did not err by failing to mention the GAF rating of 45-48. Although the ALJ did not mention the December 6, 2005 GAF rating of 45-48, she explicitly addressed the subsequent GAF rating of 50. (R. 22.) Unlike the cases cited by Plaintiff, it is not the case here that the ALJ failed to mention any GAF rating in the record, to reconcile different GAF ratings as assigned by different psychiatrists, or failed to consider the importance of a GAF score. See Colon, 424 F. Supp. 2d at 809-10, 812-15 (remanding where the ALJ considered without explanation only the two highest of twelve GAF ratings assessed by treating sources); Span ex rel. R.C. v. Barnhart, 2004 U.S. Dist. LEXIS 12221, at *7, 9 (E.D. Pa. May 21, 2004) (remanding where the ALJ failed to explain how he weighed and discounted the significance of the claimant's GAF ratings); Escardille v. Barnhart, 2003 U.S. Dist. LEXIS 11085, *6-7 (E.D. Pa. 2003) (remanding where the ALJ failed to mention the claimant's GAF rating of 50).

Here, the ALJ explicitly discussed the later GAF rating of 50, *uniformly* assigned by the *same* treating source on *three* occasions following December 6, 2005, when the first GAF rating of 45-48 was assigned. (See R. 22, 107, 116, 139-142.) These subsequent GAF ratings by the same treating source on multiple occasions rendered the earliest GAF rating of 45-48 obsolete and irrelevant. Moreover, although the ALJ did not explicitly mention the December 6, 2005 rating, the ALJ discussed Plaintiff's December 2005 visit to the Crozer Chester Medical Center several times. (See R. 22, 24-25.) Because this earlier GAF rating was not probative, the ALJ was entitled to discount it. Johnson, 529 F.3d at 204. By failing to reference it, the ALJ

implicitly rejected it. Id. at 205.

Furthermore, the ALJ did not mischaracterize Plaintiff's GAF score of 50 as indicative of moderate symptoms because a GAF rating of 50 is on the borderline between serious and moderate symptoms, see Colon, 424 F. Supp. 2d at 809 n.3; DSM-IV at 34, and the ALJ considered all the evidence in determining that her symptoms were moderate and not disabling. Specifically, the ALJ relied on substantial evidence in the record that Plaintiff was functioning in productive jobs and engaging in a range of daily activities. (R. 22-23.) The ALJ relied on the State agency psychological source's finding that insufficient evidence existed to support a mental impairment as of May 2006. (R. 22; see R. 119-30.) The ALJ noted that Plaintiff's condition was improving on medication. (R. 23.) The ALJ explained that Plaintiff, while working as a forklift driver, was asked to leave because she could not get along with people, but was asked to return to work after each incident. (Id.) She was not fired from this long-term job as a fork lift driver, but rather was let go because the plant closed. (R. 25.) The ALJ further explained that Plaintiff was able to care for her twelve-year-old son and maintain her residence. (R. 23.) Therefore, the ALJ's conclusion that Plaintiff's borderline GAF rating of 50 indicated moderate symptoms was supported by substantial evidence.

**2.      The ALJ Did Not Err With Respect To Dr. Zhang's Evaluation.**

Plaintiff next argues that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence because the ALJ failed to accord controlling weight to the assessment of Dr. Zhang, Plaintiff's treating psychiatrist, (R. 132-38), and to recontact Dr. Zhang to clarify the basis for her medical opinion.

"Under the applicable regulations and the law of this Court, opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight." Fargnoli v. Halter, 247 F.3d 34, 42 (3d Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(2)). The treating source's opinion is only entitled to controlling weight, however, when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and *is not inconsistent with the other substantial evidence* in [the claimant's] case record." Id. at 43 (quoting 20 C.F.R. § 404.1527(d)(2)) (emphasis added).

Under the regulations, a medical source will be recontacted for purposes of clarification "when the report from [the] medical source contains a conflict or ambiguity that must be resolved, the report does not appear to contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.912(e)(1). However, recontact will occur only if the evidence received from the treating source is "inadequate for us to determine whether you are disabled." Johnson, 529 F.3d at 205 (quoting 20 C.F.R. § 416.912(e)(1)) (emphasizing that this is "an important prerequisite").

The ALJ was entitled to not accord controlling weight to Dr. Zhang's assessment because the ALJ clearly explained that Dr. Zhang's assessment was inconsistent with other substantial evidence in the record regarding Plaintiff's daily activities. (See R. 24-25); see also Fargnoli, 247 F.3d at 43. Based on substantial evidence in the record, the ALJ disagreed with Dr. Zhang's conclusion that Plaintiff was not able to work with others or "initiate and participate in activities independent of supervision" based on the daily activities Plaintiff could perform. (R. 25.) The ALJ pointed to evidence in the record that Plaintiff "does light housework, provides primary care to her son, attends school meetings," drives, had been able to maintain a long-term and

9

productive job as a fork lift driver, has a long-term relationship and cohabitation with her fiancé, and that her condition had improved with treatment, which treatment was not aggressive. (Id.) Having carefully reviewed the record, the court is satisfied that the ALJ was entitled not to accord Dr. Zhang's assessment controlling weight.

Because the ALJ did not conclude that Dr. Zhang's assessment was not inadequate for a disability determination but instead concluded that her assessment was inconsistent with other substantial evidence in the record, the ALJ did not error in not seeking to recontact Dr. Zhang for clarification. See Johnson, 529 F.3d at 205; 20 C.F.R. § 416.912(e)(1). No clarification was necessary. The court concludes that the ALJ's determination was supported by substantial evidence.

### 3.    The ALJ Did Not Err With Respect To Plaintiff's Credibility Determination.

Finally, Plaintiff argues that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence because the ALJ erred in finding that Plaintiff's statements concerning her impairments were not totally credible.

To be credible, subjective symptoms must bear some relationship to a claimant's physical, mental, or psychological status, as demonstrated by objective medical findings, diagnoses, and opinions. See Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974); 20 C.F.R. §§ 404.1526, 404.1529, 416.926, 416.929. An ALJ may discredit a claimant's subjective complaints when: (1) there is contradictory medical evidence in the record, and (2) the ALJ explains the basis for rejecting the complaints. See Mason v. Shalala, 994 F.2d 1058, 1067-68 (3d Cir. 1993). If medical signs or laboratory findings show that claimant has a medically

10

determinable impairment that could produce pain, the ALJ must consider all available evidence, including claimant's statements, to determine whether and how the symptoms limit claimant's capacity to work. See 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); SSR 96-7p, 61 Fed. Reg. 34,483, 34,484 (July 2, 1996) (requiring that a credibility finding be "sufficiently specific to make clear . . . to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight"). In evaluating credibility, relevant factors include: Plaintiff's daily activities; the location, duration, frequency, and intensity of Plaintiff's symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment or measures, other than medication, Plaintiff receives or has received for relief of symptoms; and other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p, 61 Fed. Reg. at 34,484; see Alvarez v. Sec'y of Health and Human Serv., 549 F. Supp. 897, 899-900 (E.D. Pa. 1982).

The ALJ found, after considering the evidence of record, that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that [her] statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible." (R. 25.) For the aforementioned reasons, the court finds that the ALJ considered all available evidence, that the ALJ's determination that contradictory evidence existed in the record was supported by substantial evidence, and that the ALJ provided a full and clear explanation for the basis for rejecting Plaintiff's complaints. See Mason, 994 F.2d at 1058.

11

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Request for Review is denied.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA LEE HENDRICKSON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 07-05345 |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the Social Security | : | |
| Administration, | : | |
| | : | |
| Defendant. | : | |

## JUDGMENT ORDER

AND NOW, this _11th_ day of August, 2008, in consideration of Plaintiff Linda Lee

Hendrickson's Motion for Summary Judgment or, in the Alternative, Motion for Remand (Doc.

No. 8), Defendant's Response in opposition thereto, and Plaintiff's Reply, it is hereby

ORDERED that Plaintiff's Request for Review is DENIED for the reasons set forth in the

attached Memorandum.

BY THE COURT

_James T. Giles_

JAMES T. GILES          J.