IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA LEE HENDRICKSON, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 07-5345 |
| v. | : | |
| MICHAEL J. ASTRUE, | : | |
| Defendant. | : | |

**MEMORANDUM**

Slomsky, J.                                                                                                  November 25, 2008

**I.  BACKGROUND**

Linda Lee Hendrickson, ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"). After review of the record and Plaintiff's Motion for Summary Judgment ("Pl.'s Br.") and the Defendant's Response ("Def.'s Br."), Judge James T. Giles, on August 11, 2008 ordered that the Commissioner's Motion for Summary Judgment be granted and judgment be entered in Defendant's favor. On August 20, 2008, Plaintiff filed a Motion to Alter or Amend Judgment pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure ("Pl.'s Mot.") and Defendant subsequently requested that this motion be denied. Plaintiff alleges that she is entitled to relief because the ALJ failed to discuss and evaluate her GAF scores of 50 and below.[1] *See* Pl.'s Mot.

---

[1] Global Assessment Functioning (GAF) is essentially a subjective "judgment" assessment made by the clinician. This is a scale from 1-100 with 90-100 being the rating for a "superior functioning" person and 1-10 reflecting a serious danger of harming oneself or others or persistent hygiene neglect. *See Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994) ("*DSMMD*") at 32-34. A GAF score between 50-41 indicates serious symptoms or any serious impairment in social, occupational, or school functioning. *See DSMMD* at 34.

at 1-6.  Plaintiff's motion should be denied because substantial evidence[2] in the administrative record supports the Commissioner's final decision and there is no proper basis to grant her motion.  *See Stunkard v. Sec'y of Health and Human Serv.*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).  Furthermore, there will be no manifest injustice as a result of the denial of this motion.

## II.  DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 59(e) and E.D. Pa. Local Civil Rule 7.1(g) allow parties to file motions for reconsideration or amendment of judgment.  Courts should grant these motions sparingly, reconsidering the issues only when: (1) there has been an intervening change in controlling law or fact; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact.  *Baker v. Astrue*, 2008 WL 4922015, at *1 (E.D.Pa. Nov. 17, 2008) (citing *North River Ins. Co. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Wilson v. Halter*, No. 00-468, 2001 WL 410542, at *2 (E.D.Pa. Apr. 18, 2001), aff'd *Wilson v. Massanari*, 27 Fed. Appx. 136 (3d Cir.2002)).  Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration.  Moreover, it is improper "to ask the Court to rethink what it had already thought through-rightly or wrongly."  *Baker*, 2008 WL 4922015, at *1 (citing *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993) (internal quotation marks omitted)); *Wilson*, 2001 WL 410542, at *2.  Plaintiff contends that the judgment should be amended in order to correct a clear error of law.  Plaintiff's contention is without merit.

---

[2] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  It is more than a mere scintilla of evidence but may be less than a preponderance.  *See Stunkard*, 841 F.2d at 59.

B. <u>Plaintiff's Motion Must Be Denied</u>

The ALJ determined that Plaintiff was not disabled based upon a finding that she could perform her past relevant work as an assembler, as it is performed generally in the economy. (R. at 25). Plaintiff contends that the ALJ committed reversible error by failing to properly discuss and evaluate her GAF scores of 50 and below. *See* Pl.'s Mot. at 4-6. She believes that her GAF scores demonstrate that she suffers from "serious" *not* " borderline moderate" symptoms. *Id*. at 2-3 (emphasis added).

Plaintiff is relying upon Fed.R.Civ.P. 59(e) to get a "second bite at the apple" in order to reargue her case. She argues that the ALJ should have considered her GAF scores of 50 and below as indicative of "severe" symptoms. *See* Pl.'s Mot. at 2-5. This argument was presented to the Court in Plaintiff's Motion for Summary Judgment. *See* Pl.'s Br. at 4-5. Thus, it is not based upon "new evidence." To advance her claim, she now submits for the first time an August 20, 2008 letter from Steve Gumerman, Ph.D., L.P.C., stating his opinion regarding a GAF score of 50. Dr. Gumerman's letter states that "a GAF score of 50 reflects a serious psychiatric or psychological impairment." Plaintiff's contention, now advanced by Dr. Gumerman's opinion, is not "new" because this argument was presented in Plaintiff's Motion for Summary Judgment. Moreover, a letter from a non-treating and non-examining psychologist is not the type of "new evidence" which would warrant a remand. *See Mathews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001). The Court has carefully reviewed the August 11, 2008 Opinion, the briefs, and the record in this case. After full consideration, the Court finds that there has been no clear error of law. Substantial evidence supports the ALJ's findings that Plaintiff is not disabled and that work for which she is qualified to perform exists in significant numbers in the national and regional

economy.  Furthermore, there was no clear error of law to warrant this Court to amend or alter the entered judgment pursuant to Rule 59(e).

### III.  CONCLUSION

After a thorough review of the record, the Court finds substantial evidence supports the Commissioner's determination that Plaintiff is not disabled.  An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA LEE HENDRICKSON, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 07-5345 |
| v. | : | |
| MICHAEL J. ASTRUE, | : | |
| Defendant. | : | |

## **ORDER**

AND NOW, this 25th day of November, 2008, in consideration of the Motion to Alter or Amend Judgment filed by Plaintiff, Linda Lee Hendrickson (Doc. No.11), and the Amended Response filed by the Defendant, Michael J. Astrue (Doc. No. 19), it is ORDERED that Plaintiff's Motion to Alter or Amend Judgment is DENIED.  It is further ORDERED that the Clerk of Court close the case.

BY THE COURT:

S/ Joel H. Slomsky
J.

5